(48 South. 263.)

No. 17,319.

LEHMAN v. ATHLETIC PARK AMUSE-
MENT CO., Limited.

(Nov. 16, 1908. Rehearing Denied Feb. 1, 1909.)

1. APPEAL AND ERROR (§ 612*)—DISMISSAL—
INSUFFICIENT CERTIFICATE.

The certificate of the clerk of court was in the usual form, showing that the transcript contained copy of all the proceedings had, documents filed, and evidence adduced on the trial. The record thus certified to contained needful documents and papers to maintain the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2698–2700; Dec. Dig. § 612.*]

2. APPEAL AND ERROR (§ 45*)—JURISDICTION-
AL AMOUNT—WANT OF JURISDICTION.

The question was one of cost only. An ex-receiver was held liable for the costs in a small amount. It was not connected with other proceedings. The matter was entirely separate from all other demands, and presents an independent issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 195; Dec. Dig. § 45.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Action by G. Lehman, Jr., against the Athletic Park Amusement Company, Limited. Judgment for plaintiff, and defendant appeals. Dismissed.

Dinkelspiel, Hart & Davey, for appellant. Benjamin Rice Forman and William Lee Hughes, for appellee.

BREAUX, C. J. The appellee filed a motion to dismiss the appeal on three grounds:

First. That the transcript is not complete, and that the certificate of the clerk of the district court is defective, by reason of the fact that it does not certify that the transcript contains copy of all the proceedings had, documents filed, and evidence adduced on the trial of the petition to remove Arthur Leopold as receiver.

Second. That the amount in dispute is less than $100.

Third. That the appellant confessed judgment, and precluded himself from the possibility of taking an appeal.

Taking up, in the first place, the objection to the certificate of the clerk of the district court:

It appears that the appeal was taken in suit No. 17,319, Lehman v. Athletic Park Amusement Company, Limited.

The certificate unquestionably covers a

number of documents in the transcript, refers to all the proceedings, and is in the usual form of such certificates. Sufficient evidence was copied in the transcript, and there is enough of reference before us to determine the issues presented.

In order to obtain an order of dismissal on appeal on the ground of a defective or insufficient certificate, it must appear that the defectiveness will result in prejudice to the appellee in some way.

This the appellee has failed to show in any way.

The issues are before us, and why dismiss the appeal? Certainly not to have copied in the transcript documents that are not of the least moment in matter of this appeal.

Now as to our jurisdiction: We do not think we have jurisdiction. The dispute is all about $54 costs. There is no main demand, except of the matter of $54, if this demand for $54 can be considered such. It is an independent question.

There is no question before us about the bankruptcy proceedings involved in the suit entitled as above, no appeal from any judgment in that suit, and the whole difference relates to costs for the sum just mentioned, which, under no circumstances can be as much as $100.

The whole matter relating to the bankruptcy is in the district court. There is not the least intimation that anything has arisen or will arise requiring the intervention of this court in proceedings in which costs have been taxed against the appellant personally.

The question is entirely between the appellee and the appellant about a small bill of costs.

The appellant is no longer the receiver. Since some time he is entirely out, and has no authority whatever to act as receiver. The ex-receiver alone is the interested party. He cannot be heard here.

The appellee, also, as to his claim on the grounds he puts up, is here entirely removed from the bankruptcy proceedings.

This being our view, there is no necessity of deciding the question growing out of the asserted confession of judgment of the receiver.

The point decided disposes of the appeal. The appeal is dismissed.